IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES D. BIVENS                                                                          PLAINTIFF

vs.                                            Civil No. 6:16-cv-06022

NANCY A. BERRYHILL                                                                     DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

  Charles D. Bivens ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

  Plaintiff protectively filed his applications on January 14, 2013 (DIB) and on June 1, 2013 (SSI). (Tr. 29). In these applications, Plaintiff alleges being disabled due to a left knee injury. (Tr. 228). Plaintiff alleges an onset date of May 21, 2007. (Tr. 29). These applications were denied initially and again on reconsideration. (Tr. 66-105).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 47-65). On September 3, 2014, the ALJ held an administrative hearing on Plaintiff's applications. *Id.* At this hearing, Plaintiff was present and was represented by Sherri McDonough. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing. *Id.* At this administrative hearing, Plaintiff testified he was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c)(2008) (SSI). (Tr. 50-51). As for his education, Plaintiff testified he had graduated from high school. (Tr. 51).

On November 26, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 26-41). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 31, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 21, 2007, his alleged onset date. (Tr. 31, Finding 2). The ALJ determined Plaintiff had the following severe impairment: left knee status-post total arthroplasty. (Tr. 31, Finding 3). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 31-32, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 32-39, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can occasionally crouch, crawl, and kneel.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform any of his PRW. (Tr. 39, Finding 6). The ALJ then determined whether there were other jobs existing in significant numbers in the national economy he could perform. (Tr. 40, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) compact assembler (sedentary, unskilled) with 2,800 such jobs regionally and 35,000 such jobs nationally; and (2) bonder (sedentary, unskilled) with 2,500 such jobs regionally and 20,000 such jobs nationally. (Tr. 40). Because Plaintiff retained the capacity to perform this work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 21, 2007 (alleged onset date) through November 26, 2014 (ALJ's decision date). (Tr. 41, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. On January 29, 2016, the Appeals Council denied this request for review. (Tr. 1-4). On March 7, 2016, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 7, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff raises two claims: (A) the ALJ erred by finding his knee impairment did not meet the requirements of Listing 1.03; and (B) the ALJ erred by failing to consider the combination of his impairments which prevent him from performing the full range of sedentary work. ECF No. 11 at 1-14. The Court will consider both of these issues.

**A.     Listings 1.03**

Plaintiff claims his knee impairment meets the requirements of Listing 1.03 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint). ECF No. 11 at 2-10. To meet the requirements of Listing 1.03, Plaintiff has to demonstrate he has an "inability to ambulate effectively." An "inability to ambulate effectively" is a defined phrase. To meet this standard, Plaintiff must prove he is not "capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living." Examples of ineffective ambulation

*"include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes. . . ."* (emphasis added).

Plaintiff has the burden of demonstrating he meets all of the specific requirements of a given listing. *See Sullivan v. Zebley,* 493 U.S. 521, 530 (1990). In the present action, Plaintiff underwent a left knee arthroscopy in June of 2007 and a revision of that left knee arthroscopy in November of 2010. (Tr. 316, 499). With his medical records, Plaintiff has demonstrated he suffers from knee swelling and pain as a result of these surgeries. (Tr. 327, 332, 386, 397, 690, 701).

Plaintiff, however, *has not* demonstrated he meets the specific requirements of Listing 1.03 to qualify as disabled due to this knee impairment. Indeed, his medical records demonstrate that, although he suffers from pain in his left knee, he cannot demonstrate he has an "inability to ambulate effectively." Notably, on December 17, 2007, his physician reported he was "walking on a cane." (Tr. 328). On July 8, 2008, another physician reported that Plaintiff's knee "looks good" and was nearly able to reach full extension on that knee. (Tr. 409). He was given a prescription for a cane. (Tr. 409). Plaintiff reported in March of 2010, December of 2010, January of 2011, and March of 2013 that he was not using an ambulation aid at all. (Tr. 507, 511, 520, 550). Simply put, Plaintiff has not demonstrated having an "inability to ambulate effectively" as required by Listing 1.03.

**B.     RFC Determination**

Plaintiff claims the ALJ erred by finding he retained the RFC for sedentary work: "The Administrative Law Judge did not give proper consideration to Plaintiff's combined impairments which prevent him from performing a full range of sedentary work." ECF No. 11 at 10-14. Plaintiff claims he has to use "a cane and knee brace all the time." *Id.* Plaintiff also claims his pain interferes with his ability to work on a full-time basis and he must elevate his leg in a recliner daily. *Id.*

6

Plaintiff claims these limitations cause him to be disabled. *Id.*

Upon review, the Court finds the ALJ properly considered–and discounted–Plaintiff's allegedly disabling limitations. Notably, while Plaintiff claimed having to use "a cane and knee brace all of the time," he repeatedly denied in his medical records having to use an ambulation aid. (Tr. 507, 511, 520, 550). Further, as the ALJ noted, Plaintiff "initially testified that he could only sit up to 30 minutes" but later "said that after standing he could sit up to 3 hours." (Tr. 38). As the ALJ also recognized, Plaintiff reported he has no problem with personal care, preparing meals, doing laundry and cleaning, driving, shopping, and spending time with others, including his young son. (Tr. 38).

Plaintiff has the burden of demonstrating his alleged limitations. *See Cox,* 160 F.3d at 1206. *See also Eichelberger v. Barnhart,* 390 F.3d 584, 591 (8th Cir. 2004) (recognizing "[a] disability claimant has the burden to establish her RFC") (internal citation omitted). Here, Plaintiff has not demonstrated any limitations greater than those found by the ALJ. Thus, the Court finds no basis for reversal on this issue.

### 4.     Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE